IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VILLAGE OF RIVERDALE, an Illinois municipal corporation, | ) ) ) | |
| Plaintiff, | ) ) | No.  07 C 1388 |
| v. | ) | |
| 138th STREET JOINT VENTURE, et al., | ) ) ) | HONORABLE DAVID H. COAR |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

The village of Riverdale, an Illinois municipal corporation ("Riverdale"), is suing no less than fourteen different corporations and trustees, some of whom operated industrial businesses on, all of whom own or owned properties in a 57 acre area (the "Location") of Riverdale, Illinois.  Riverdale alleges that these defendants disposed of contaminants over the course of several years or are currently releasing contaminants onto the surface and the ground underneath the Location.  It is suing the defendants on three separate counts.  Count I alleges each of the defendants violated the Resource Conservation and Recovery Act (the "RCRA"), codified at 42 U.S.C. §6901 *et seq*. (2006) and seeks declaratory and injunctive relief, civil fines and penalties.  Count II alleges each of the defendants' actions also violated Article I,  Chapter 5.01, Section 5.02.100 of the Riverdale Code of Ordinances (the "Ordinace") and seeks injunctive relief and the imposition of civil penalties.  Count III alleges each of the defendants' actions were acts of public nuisance and seeks compensatory damages in excess of $75,000.

Now before the Court are motions to dismiss by the following defendants (collectively "Defendants"): First National Bank of Blue Island, as Trustee under Trust No. 88133 and Trust No. 83097, Circus Auto Parts Inc., A.B.C. Auto Parts & Sales, Inc., and Great Lakes Trust Company, as Trustee under Trust No. 01064 moving jointly for dismissal; Metal Management Midwest, Inc.; 138th Street Joint Venture, Fritz Enterprises, Inc., and Greatbanc Trust Company as Trustee under Trust No. 5375 and as successor in interest to First National Bank in Chicago Heights as Trustee under Trust No. 5375 moving jointly for dismissal; Huron Valley Steel Corporation; Handschy Industries, LLC and Riverdale Industries, LLC. The alleged grounds for the motions are as follow: First, Riverdale lacks standing to pursue this action in federal court, therefore there is no subject-matter jurisdiction. Second, pursuant to Federal Rule of Civil Procedure 12(b)(6), the complaint fails to state a claim upon which relief can be granted and should be dismissed. Third, Riverdale's request for civil penalties under RCRA is barred by a statute of limitations provided by 28 U.S.C. § 2462. Finally, the defendants also request that should the Court dismiss Count I, the only claim containing a federal question, the Court should dismiss Counts II and III. On June 12, 2007, this Court denied the motions to dismiss on the grounds that the complaint failed to state a claim upon which relief can be granted. Defendants First National Bank of Blue Island, Circus Auto Parts Inc., A.B.C. Auto Parts & Sales, Inc., and Great Lakes Trust Company jointly request that this Court reconsider its denial of the 12(b)(6) motions.

For the reasons set forth below, Defendants' motion to reconsider is DENIED. Defendants' motions to dismiss are DENIED partially and GRANTED partially.

I.      **FACTUAL BACKGROUND**[1]

The Location sits on 57 acres of land in Riverdale, Illinois. Beginning as long ago as 1924, solid waste has been generated and disposed of on the Location by various polluters, their successors and assigns. Solid waste has been disposed of both on the Location's surface and in the ground underneath. The solid waste contains leachate, a substance made up of a host of toxic materials, which is contaminating and will continue to contaminate the land, surface water and groundwater at the Location. Sometime in the 1970s, the leachate broke through the ground of the various sites at the Location and discharged into the Calumet River.

In 1960, one or more of the Defendants has operated or currently operates auto salvaging businesses and have deposited additional solid waste made up of such pollutants as oil, PCBs and heavy metals on the Location. One or more of the Defendants operates a metal cleaning business and has deposited additional solid waste made up of tetrachloroethene and other chlorinated solvents on the Location. One or more of the Defendants operates filling businesses and has deposited additional solid waste in underground storage tanks on the Location containing several different chemicals and petroleum products. One or more of the Defendants has disposed of solid waste containing pentachlorophenol on the Location. Lastly, one or more of the Defendants has disposed of solid waste consisting of human fecal matter on the Location. The activities of the Defendants have released solid wastes into the air and ground at the Location, such release presenting an imminent and substantial endangerment to health or the environment on or about the Location.

---

[1] For the purposes of this motion, the facts alleged in Plaintiff's complaint are taken as true.

Each of First National Bank of Blue Island, as Trustee under Trust No. 88133 and Trust No. 83097; Circus Auto Parts Inc.; A.B.C. Auto Parts & Sales, Inc.; Great Lakes Trust Company; Metal Management Midwest, Inc.; 138th Street Joint Venture; Fritz Enterprises, Inc.; Greatbanc Trust Company; Huron Valley Steel Corporation; Handschy Industries, LLC and Riverdale Industries, LLC owns or has owned industrial businesses that have generated, transported and/or disposed of solid wastes at the Location or owns or has owned property at the Location upon which such activities have occurred.

On November 4, 2003, Riverdale sent a Notice to Sue to each of the Defendants (as well as others not named in this suit or otherwise dismissed by Riverdale) informing them of their right to sue under the RCRA and their intent to do so. Riverdale explained in the notice that it wished to redevelop the Location without incurring an exorbitant amount of costs for decontamination. It also explained that the waste disposal is suspected to have began in 1924 and continued throughout the early 1970s. On April 3, 2006, Riverdale sent a second Notice to Sue to each of the Defendants.

## II. STANDARD OF REVIEW

In reviewing a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the district court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff. See Transit Exp. Inc. v. Ettinger, 246 F.3d 1018, 1023 (7th Cir. 2001). On a 12(b)(1) motion, the plaintiff bears the burden of establishing that the jurisdictional requirements have been met. Kontos v. Dep't of Labor, 826 F.2d 573, 576 (7th Cir. 1987). Thus, when a party moves for dismissal under Rule 12(b)(1), the nonmoving party must provide competent proof of jurisdictional facts to support its

allegations.  Thomason v. Gaskill, 315 U.S. 442, 446 (1942); Kontos, 826 F.2d at 576.  However, the degree of proof grows concomitantly with the stage of the litigation, with general allegations of injury usually sufficient to demonstrate standing at the pleading stage.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992).

## III. ANALYSIS

### A. Constitutional Standing

Defendants attack this Court's jurisdiction over this action by claiming Riverdale does not have constitutional standing to sue them in federal court.  Under Article III of the United States Constitution, to establish standing a plaintiff must first have suffered an actual injury or be subject to an imminent injury.  Lujan, 504 U.S. at 561 (1992).  Second, that injury must be fairly traceable to the defendant's actions.  Id.  Lastly, a favorable decision rendered by the court must likely redress the plaintiff's injury.  Id.  Determining Article III standing is the same as determining "whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues."  Warth v. Seldin, 422 U.S. 490, 498 (1975).  Thus, standing is a question of justiciability, which a court must have to hear a matter.  All of the Defendants challenge Riverdale's standing to bring this action under RCRA on the grounds that Riverdale has not pleaded an actual or imminent injury in fact.  Several of the Defendants challenge Riverdale's standing on the specific grounds that Riverdale has not alleged any injury that is fairly traceable to the actions of that particular defendant.

*Riverdale's Purported Lack of Cognizable Interest*

Throughout the memoranda in support of their motions to dismiss, Defendants refer to the purported fact that Riverdale, by its own pleadings and exhibits, establishes it is not

interested in health or the environment, rather it is really interested in the redevelopment of the Location. Such assertions are entirely irrelevant when arguing for the dismissal of a claim for lack of constitutional standing. First, the Supreme Court has explained that when determining whether an interest is particularized enough to confer Article III standing, the relevant inquiry is into the injury to the plaintiff, not the environment. Friends of Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc., 528 U.S. 167, 181 (2000) (suit brought by an association against a pollution permit holder alleging violation of the Clean Water Act). Secondly, standing "is not measured by divining the mix of a party's motivations for bringing suit, and would not be defeated by showing that, absent interests unrelated to the subject matter of the action, it would not have been filed." Building and Const. Trades Council v. Downtown Development Inc., 448 F.3d 138, 149 n.6 (2nd Cir. 2006). Furthermore, an interest in the redevelopment of land within its jurisdiction is more than enough for a municipality to establish a "concrete and particularized interest" in the litigation for Article III standing purposes. See City of Sausalito v. O'Neill, 386 F.3d 1186, 1197- 1198 (9th Cir. 2004) (recognizing that "the 'proprietary interests' a municipality may sue to protect are as varied as the municipalities responsibilities, powers and assets). Therefore, although there is evidence present in the complaint and the exhibits attached thereto that Riverdale is motivated by a desire to redevelop the Location and that there is a long span of time between when Riverdale first became aware of potential harm to the environment due to the Defendant's actions and the commencement of the instant action, such facts may be useful in asserting an affirmative defense of laches, not an argument of lack of standing.

*Injury-in-fact*

The RCRA allows any "person" to pursue a civil action against "any past or present generator, past or present transporter, or past or present owner or operator of a treatment, storage, or disposal facility, who has contributed or who is contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste *which may* present an imminent and substantial endangerment to health or the environment." 42 U.S.C. § 6972. The term "person" is defined to include municipalities. 42 U.S.C. § 6903(15). Therefore, a simple allegation of imminent harm stemming from a defendant's storage of solid waste will suffice to establish the injury-in-fact element of standing for a municipality. See City of North Chicago v. Hanovnikian, 2006 WL 1519578 at *2 (N.D.Ill. 2006).

Defendants present a multi-faceted attack of Riverdale's basis for standing. First, Defendants argue that Riverdale does not assert an injury-in-fact because it does not properly plead a claim upon which relief can be granted under a new pleading standard announced by the United States Supreme Court in Bell Atlantic Corporation v. Twombly, 127 S.Ct. 1955 (May 21, 2007). Defendants contend that Riverdale merely relies on a formulaic recitation of the statutory claim instead of presenting enough facts to establish actual imminent and substantial endangerment. Second, Defendants contend that Riverdale cannot properly maintain standing as a representative of its citizens when it does not include specific factual allegations of imminent harm to its citizens.

The RCRA does not obviate the requirements of Article III standing.[2] Although the Supreme Court has implied that the requirements of standing in any given suit are no greater

---

[2] Nor could it. See Simon v. Eastern Kentucky Welfare Rights Org., 426 U.S. 26 (1976).

-7-

than what is required for success on the merits of a claim, Friends of Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc., 528 U.S. 167, 181 (2000); City of Stamps, Arkansas v. Alcoa, Inc., 2006 WL 2254406 (W.D.Ark. 2006), Defendants do not point to, nor has this Court found, any authority for the proposition that the requirements for establishing a claim are necessarily blended with the requirements of establishing standing such that an increase in the former necessitates an increase in the latter. Thus, Defendants' argument, that because Riverdale has not pleaded enough facts in its complaint based upon the holding of Twombly to support the third element of its RCRA claim, it cannot show an actual injury-in-fact sufficient to establish Article III standing, is without merit.

In City of Milwaukee v. Saxbe, the Seventh Circuit held that a municipality may demonstrate organizational standing in cases where it alleges an injury to itself or where it acts as a representative vindicating the injuries to its citizens. 546 F.2d 693, 698 (1976). Also, one other court in this judicial district has concluded that a general allegation of imminent and substantial endangerment to health or the environment was enough to support a municipality's showing of standing to pursue an RCRA claim. Hanovnikian, 2006 U.S. Dist. LEXIS 39457. In the Complaint, Riverdale alleged that the defendants' "activities have caused, and continue to cause, the release of solid wastes to air, soils, subsurface soils, sediments, surface water and groundwater and physical structures at the Subject Property, which release presents an imminent and substantial endangerment to health or the environment, within the meaning of 42 U.S.C.

§6972(a)(1)(B)." Thus, Riverdale claims to satisfy standing by alleging either its own injury or injuries to its citizens.[3]

Defendants claim that Riverdale's above-quoted generic allegation does not suffice to allege an injury-in-fact to Riverdale's citizens under the new standard of pleading announced in Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, and confirmed by the Seventh Circuit in In re Ocwen Loan Servicing, LLC Mortgage Servicing Lit., 491 F.3d 638 (June 22, 2007).[4] As explained before, any new pleading standard that addresses survival of a complaint facing attack from a 12(b)(6) motion does not necessarily apply to a showing of standing to survive a 12(b)(1) motion. However, for the sake of clarity and because certain of Defendants have requested this Court to reconsider its judgment denying the motions to dismiss on any grounds other than standing and statute of limitations, this Court will discuss the applicability of Twombly to Riverdale's allegations.

Defendants' reading of Twombly is too restrictive and its interpretation of In re Ocwen is misplaced. In Twombly, the United States Supreme Court held that the oft-repeated standard that a complaint should not be dismissed "unless it appears beyond all doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief," taken from Conley v. Gibson, 355 U.S. 41, 45-46 (1957), was from that point forward, rejected. 127 S.Ct at 1969. On its face, Twombly merely explains that a complaint with insufficient factual assertions

---

[3] Defendants make much of Riverdale's choice to only discuss its interest in representing its citizens in its response brief. However, such choice does not necessarily mean that Riverdale concedes it has no interest in protecting its own municipal interests.

[4] This is also the basis for Defendants First National Bank of Blue Island, Circus Auto Parts Inc., A.B.C. Auto Parts & Sales, Inc., and Great Lakes Trust Company joint request for reconsideration of this Court's dismissal of the 12(b)(6) motions.

to support a claim such that the court is required to supply factual assertions will not survive a 12(b)(6) motion to dismiss. Earlier in the same opinion, the Supreme Court reemphasized that under Federal Rule of Civil Procedure 8(a), the complaint need only describe the claim in enough detail to give the defendant "fair notice of what the ... claim is and the grounds upon which it rests." Id. at 1964 (quoting Conley, 355 U.S. at 47). In discussing the effect of Twombly and another Supreme Court case, Erickson v. Pardus, 127 S.Ct. 2197 (2007), on the pleading standard in federal district courts, the Seventh Circuit has explained that the Supreme Court is merely instructing "that at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." Airborne Beepers & Video, Inc. v. AT&T Mobility LLC, 2007 WL 2406859 at *4 (Aug. 24, 2007).

The Seventh Circuit conveyed the same message in In re Ocwen as quoted above in Airborne Beepers & Video, Inc.. See 419 F.3d at 649 ( "the district court will want to determine whether the complaint contains 'enough factual matter (taken as true)' to provide the minimum notice of the plaintiffs' claim that the Court believes a defendant entitled to."). This Court reads the current precedent as explaining that one can no longer rely on the formulaic recitation of Conley to save a complaint that *in those specific instances* where the complaint does not provide fair notice of what the claim is and the grounds upon which it rests even where it recites the elements of the claim. That is why the Supreme Court explained that the complaint in Twombly should have been dismissed pursuant to Rule 12(b)(6). It stated a legally cognizable statutory claim of a Section 1 Sherman Act violation against the defendants by stating they engaged in a

-10-

contract, combination or conspiracy in restraint of trade, but it did not supply any factual assertions supporting the existence of an agreement. 127 S.Ct at 1961.

Here, the complaint contains sufficient factual assertions to support the elements of an RCRA claim. In paragraphs 19 through 33, Riverdale sets out factual assertions concerning the ownership of and operations conducted on various parcels of the Location by the Defendants. Paragraphs 34 through 57 outline the activities conducted by the Defendants at the Location that made up the storage and disposal of solid and/or hazard wastes. Finally, paragraphs 65 and 66 of Count I set out the injury-in-fact caused by Defendants- actual and threatened release of pollutants. Riverdale asserts that the Defendants have engaged in activities that present an imminent and substantial endangerment to health or the environment. The facts fairly apprise Defendants of the nature of the claim. Therefore, this Court denies Defendants' First National Bank of Blue Island, Circus Auto Parts Inc., A.B.C. Auto Parts & Sales, Inc., and Great Lakes Trust Company joint request for reconsideration of this Court's dismissal of the 12(b)(6) motions. Furthermore, this Court does not accept Defendants' arguments that first, <u>Twombly</u> makes Riverdale's complaint more susceptible to dismissal and second, <u>Twombly</u> creates a higher hurdle to demonstrate Article III standing.

*Injury Not Fairly Traceable to the Respective Actions of Each of the Defendants*[5]

Several of the Defendants assert that the complained injury is not fairly traceable to their individual actions. This element of Article III standing requires that "the injury must be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court...." <u>Bennett v. Spear</u>, 520 U.S. 154, 167 (1997). In

---

[5] Riverdale did not address this aspect of the Defendants' lack of standing arguments.

Duke Power Co. v. Carolina Environmental Study Group, Inc., the Supreme Court explained that the fairly traceable requirement of Article III standing is satisfied where "there is a 'substantial likelihood' that the relief requested will redress the injury claimed...." 438 U.S. 59, 75 n.20 (1978). Courts have interpreted that holding to mean that the connection between the injury and the actions of the defendant(s) necessary for establishing standing is not equal to the causal connection necessary to establish tort liability. See id. at 169; see also Public Interest Research Group of New Jersey, Inc. v. Powell Duffryn, 913 F.2d 64, 72 (3rd Cir. 1990).

Riverdale has pleaded allegations sufficient to show a causal connection between the Location, the solid waste alleged to be currently stored on the Location and the injury-in-fact recognized under the RCRA- imminent and substantial endangerment to health or the environment. While Defendants are correct that Riverdale's complaint does not contain any *specific* factual allegations explaining how each of the several of the Defendant's actions contributed to the imminent and substantial endangerment to health or the environment; it does not need to do so at this stage of the litigation. See Lujan, 504 U.S. at 561 ("on a motion to dismiss we 'presum[e] that general allegations embrace those specific facts that are necessary to support the claim.'" (quotation omitted)). RCRA provides for liability against "any past or present generator, past or present transporter, or past or present owner or operator..., who has contributed or who is contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste which may present an imminent and substantial endangerment to health or the environment." 42 U.S.C. § 6972(a)(1)(B). Riverdale's complaint contains allegations that each Defendant is a current or former 1) owner of a parcel of the Location, and/or 2) operator of a facility that disposed of solid waste that now threatens

imminent and substantial endangerment to health or the environment. Nothing more is required at this stage of the action. Therefore, at the pleading stage, it is sufficient that Riverdale has identified each of the Defendants as a possible contributor to the solid waste, the release of which may present an imminent and substantial endangerment to health of Riverdale inhabitants or the environment in general.

### B. Statute of Limitations

Defendants claim that 28 U.S.C. §2642 bars Riverdale's RCRA claim in its entirety. Section 2642 states as follows:

> Except as otherwise provided by Act of Congress, an action, suit or proceeding for the enforcement of any *civil fine, penalty*, or forfeiture, pecuniary or otherwise, shall not be entertained unless commenced within five years from the date when the claim first accrued if, within the same period, the offender or the property is found within the United States in order that proper service may be made thereon.

(emphasis added). Thus, even if Section 2642 applies to RCRA, it only applies to Riverdale's request for civil fines and penalties, not to its request for injunctive relief from imminent and substantial harm.

RCRA does not contain a statute of limitations provision. When a federal statute does not provide a statute of limitations, a court should first look to see whether any other federal statute of limitations is applicable. Sierra Club v. Chevron U.S.A., Inc., 834 F.2d 1517, 1521 (9th Cir. 1987) (citing Johnson v. Railway Express Agency, Inc., 421 U.S. 454, 462 (U.S. 1975)). RCRA provides for the imposition of civil penalties in certain limited circumstances and Riverdale is seeking such civil penalties. Riverdale contends that in Meghrig v. KFC Western,

Inc., 516 U.S. 479 (1996), the Supreme Court held that no statute of limitations is applicable to a RCRA citizen suit. Defendants disagree.

In Meghrig, the Supreme Court considered whether RCRA authorizes a private cause of action to recover the prior cost of cleaning up toxic waste that did not pose any harm to health or the environment at the time the suit was commenced. Id. at 481. The Court held that it did not. Id. In dicta, the Court explained that RCRA contains its own inherent timing provision because it only authorizes suit to protect against activities that may present an *imminent* and substantial endangerment to health or the environment. Id. at 486. This Court has already held that Riverdale has stated a legally cognizable claim under the RCRA and thus Riverdale satisfies the timing provision implicit in the elements of the cause of action provided in the statute.

The parties have unnecessarily focused on the issue of a statute of limitations instead of the real issue of whether Riverdale can even pursue civil penalties under this statute. Section 6972 provides in relevant part that the "district court shall have jurisdiction,... to apply any appropriate civil penalties *under section 6928 (a) and (g)* of this title" (emphasis added). Sections 6928(a) and (g) pertain to compliance orders issued by the Administrator under subsection III of the RCRA and liability to the United States for violations of the requirements of subsection III. Section 6972(a)(1)(B) is not contained in subsection III, instead in appears in subsection VII. The "Administrator" refers to the Administrator of the Environmental Protection Agency. 42 U.S.C. § 6903. Thus, civil penalties are not appropriate or available to Riverdale under Section 6972(a)(1)(B), regardless of the applicability of the federal statute of limitations codified at 28 U.S.C. § 2642. Section 6972(a) authorizes citizen suits; it does not authorize *qui tam* actions. See Burnette v. Carothers, 192 F.3d 52, 54 (2nd Cir. 1999). Riverdale is not

asserting any rights on behalf of the Administrator or the United States and is not entitled to recover any penalties that may have been due to either party under Sections 6928(a) or (g), which are the only civil penalties a district court may award under Section 6972(a). Therefore, the motions to dismiss are GRANTED as to Riverdale's request for civil penalties and such request is hereby stricken from the complaint. This Court passes no judgment on the request for civil penalties in Count II of the complaint arising under Riverdale's Ordinance.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss and joint motion to reconsider are DENIED partially and GRANTED partially. Riverdale's request for civil penalties under the RCRA in Count I of its Complaint is stricken. Defendants' motion for reconsideration is DENIED.

                                                Enter:

                                                /s/ David H. Coar  
                                                David H. Coar  
                                                United States District Judge

Dated: **September 25, 2007**